IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-398-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| $40,000.00 IN UNITED STATES CURRENCY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on claimant Jason Do's ("claimant") motion for summary judgment (DE 20). The motion has been fully briefed, and in this posture the issues presented are ripe for ruling. For the reasons noted, the motion is denied.

## STATEMENT OF THE CASE

The government initiated these civil forfeiture actions on August 3, 2017, as to claimant, and September 21, 2017, as to Son Ba Do in companion case, by filing the same complaint in each case for forfeiture in rem against $40,000.00 in U.S. currency to enforce 18 U.S.C. § 981(a)(1)(c) and 21 U.S.C. § 881(a)(6), providing for the forfeiture constituting or derived from proceeds traceable to violations of 21 U.S.C. § 841, specifically possession with intent to distribute a controlled substance. On October 22, 2017, claimant filed claim alleging ownership and possessory interest in defendant funds.

On November 16, 2017, claimant filed motion to dismiss, arguing the government has failed to allege sufficient facts to support a reasonable belief that the currency at issue is subject to forfeiture. On May 24, 2018, the court denied claimant's motion.

On August 7, 2018, claimant filed the instant motion for summary judgment, arguing the government's complaint for forfeiture should be dismissed for failure to comply with 18 U.S.C. § 983(a)(3)(A)'s requirement that civil forfeiture complaints be filed "[n]ot later than 90 days after a claim has been filed" in administrative forfeiture proceedings." In support, claimant did not file statement of material facts pursuant to Local Rule 56.1(a) but did file the following exhibits: personal notice letter from United States Customs and Border Patrol ("CBP"); Civil Asset Forfeiture Reform Act ("CAFRA") seized asset claim form; letter to Fines, Penalties & Forfeiture ("FP&F") office; certified mail receipt; certified mail return receipt; cover letter for complaint for forfeiture in rem; United States Postal Service ("USPS") tracking information; and affidavits of claimant and Caroline Garrett, paralegal at Hale, Blaue, and Saad, PC.

The government filed response in opposition, including statement of material facts and declarations of Willie L. Kendrick ("Kendrick"), a CBP technician in the main port office in Charlotte, North Carolina, and Kimberly Griffith, an expert paralegal for CBP in the FP&F office in Charlotte, North Carolina.

Additionally, on August 15, 2018, the court granted the government's motion to stay discovery pending the court's decision on claimant's motion for summary judgment, directing that the parties' joint discovery plan in this case will be due 14 days after such decision, should claimant's motion be denied.

### STATEMENT OF THE FACTS

Although claimant has not filed statement of material facts, based on claimant's exhibits and the government's statement of material facts and supporting exhibits, the following are the relevant undisputed facts.

On April 9, 2017, agents of CBP seized $40,000 in U.S. currency from claimant at Raleigh-Durham Airport. Following receipt of "notice of seizure and information to claimants CAFRA form" and as directed by said notice, claimant filed an administrative claim with respect to the defendant property by certified mail, addressed to the FP&F office, 1901 Cross Beam Drive, Charlotte, NC 28217, bearing tracking number 7015 3010 0000 4234 5700. The notice did not indicate that any particular person should be referenced in the correspondence. Although the certified mail receipt bears no date of delivery, tracking information available through the USPS website indicates that the parcel was delivered to "Front Desk/Reception" on May 4, 2017 at 10:59 a.m. (See DE 23-7).

The signature on the certified mail receipt belongs to Kendrick, who is employed as a CBP technician in the main port office in Charlotte, North Carolina, an office that is separate from the FP&F office, although both are located in the same building. Pursuant to his official duties, Kendrick assists with the receipt and distribution of incoming mail. Incoming mail for the CBP facility is sorted and then placed into an internal mailbox for the appropriate employee or office listed on the address. A FP&F office employee typically retrieves incoming mail from the internal FP&F mailbox once each business day. The mail is then stamped with the FP&F date stamp once it is received by the FP&F office.

The claim package submitted by claimant was stamped with a "received" date of May 5, 2017, indicating that it was received by the FP&F office at 11:59 a.m. on May 5, 2017. (DE 32-2 at 3). The government's complaint for forfeiture in rem was filed against the property on August 3, 2017, which is the 90th day after claimant's claim was stamped "received" by the Charlotte FP&F office and the 91st day after claimant's claim letter was delivered by USPS.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.     Analysis

The issue before the court is whether the government's complaint for forfeiture, which was filed on the 90th day after it was stamped "received" by CBP's FP&F office but the 91st day after USPS tracking information indicates it was delivered to the building mailroom, should be dismissed for failure to comply with 18 U.S.C. § 983(a)(3)(A)'s requirement that civil forfeiture complaints be filed "[n]ot later than 90 days after a claim has been filed" in an administrative forfeiture proceeding.

As relevant here, 18 U.S.C. §§ 983(a)(2)(A), (3)(A)-(B) states as follows:

(2)(A) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure . . . .

(3)(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

5

(B) If the Government does not--
   (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A) . . . .

the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

The "notice of seizure and information to claimants CAFRA form" received by claimant states only that "[a]ll correspondence should be addressed to the FP&F Office," providing a phone number for any questions. (DE 23-1 at 4).

Neither the Fourth Circuit nor this district has addressed this issue.[1] Outside of this circuit, a consensus has not formed as to whether the operative date is the date that the claim is received by a mailroom or an official within the applicable agency. See United States v. $14,610.00, No. 1:14-CV-1637, 2016 WL 772745, at *7-9 (S.D. Ind. Feb. 29, 2016) (holding claim is deemed filed when ultimately delivered to the proper official within that agency); United States v. $7,696.00, No. 1:12-CV-116, 2013 WL 1827668, at *4 (N.D. Iowa Apr. 30, 2013) ("The court finds that the Claim of Ownership was not 'filed' within the meaning of 18 U.S.C. § 983(a)(3)(A) until the Forfeiture Paralegal Specialist received it"); United States v. $800,127.70, No. 1:04-CV-2118, 2005 WL 6967051, at *3 (D.D.C. Mar. 30, 2005) (same);[2] United States v. One GMC Yukon Denali, No. 2:03-CV-6890, 2003 WL 27177023, at *4 (C.D. Cal. Dec. 4, 2003) (holding complaint filed on the

---

[1] Other courts not in this district but in this circuit have disagreed. See United States v. $36,110.00, No. 4:08-CV-29, 2009 WL 692830, at *3 (D.S.C. Mar. 12, 2009) (holding "[a] claim is 'filed' when it is received by the seizing agency," citing to the date that the claim was stamped "received" by the agency's forfeiture office as the operative date); but see Beck v. United States, No. 1:10-CV-2765, 2011 WL 862952 (D. Md. Mar. 10, 2011) (holding an administrative claim is timely filed upon delivery by the post office or common carrier).

[2] The court recognizes, however, that in each of the three proceeding cases, the notice provided to claimant directed delivery to a specific person, whereas here the notice provided gave no such direction, directing delivery only to a specific office. See, e.g., United States v. $14,610.00, 2016 WL 772745, at *7-9 ("The Court finds it significant that the Notice of Seizure in this case lists the Forfeiture Counsel as the specific addressee for claims.").

6

date complaint arrived at appropriate branch and was date stamped); but see In re $8,508.63, No. 2:17-MC-136, 2018 WL 3427635, at *6 (E.D. Pa. July 16, 2018) ("the only possible meaning of receive is when the claim is delivered to the physical agency address"); United States v. 2014 Mercede-Benz GL350BLT, 162 F. Supp. 3d 1205, 1214 (M.D. Ala. 2016) ("Therefore, Le's claim was filed the date it was received by the Secret Service at the address to which the Secret Service directed it be sent."); United States v. Funds from Fifth Third Bank Account, No. 2:13-CV-11728, 2013 WL 5914101, at *7 (E.D. Mich. Nov. 4, 2013) ("This Court concludes that the better interpretation is that a claim is filed when it is actually received by the seizing agency"); United States v. $314,900.00, No. 1:05-CV-3012, 2006 WL 794733, at *2 (N.D. Ill. Mar. 21, 2006) ("Claimant in the instant case complied with the direction to 'file' his claim with the Forfeiture Counsel").[3]

Here, while the building mailroom received the complaint on May 4, 2017, as verified by claimant through a tracking number, it does not appear that this constitutes delivery to and receipt by the "appropriate official," as stated by statute. See,e.g., United States v. Lombardo, 241 U.S. 73, 76 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed."). The building mailroom sorts but does not appear to open, accept, or review the contents of the mail. As stated by Kendrick, the CBP technician who processed the mail at issue,

> Pursuant to my official duties, I assist with the receipt and distribution of all incoming mail to the CBP Port office. The standard operating procedures for front

---

[3] Additionally, courts have held that although the operative date is the date of delivery to the mailroom, the government is entitled to equitable tolling if it relies in good faith on the date-stamp imprinted on the claim form by the receiving office. See United States v. $34,796.49, No. 1:14-CV-561, 2015 WL 1643582 (S.D. Ala. Apr. 13, 2015); United States v. $229,850.00, 50 F. Supp. 3d 1171 (D. Ariz. 2014); see also United States v. $39,480.00, 190 F. Supp. 2d 929 (W.D. Tex. 2002) (holding government is entitled to equitable tolling when it mistakenly relies on an erroneous date-stamp provided by the agency but not questioning the accurate date that the claim had in fact been stamped "received" was the controlling date).

> office deliveries at the CBP Port office dictate that all FedEx and UPS deliveries are logged into a log book. As part of my duties, I also pick-up incoming mail daily from the United States Postal Service (USPS) mailbox located outside of the CBP Port Office. Any USPS mail retrieved from the outdoor mailbox is then sorted and placed inside the mailbox of the appropriate employee or office listed on the address. These internal building mailboxes are located inside the Port Office building across from the mail room.

(DE 32-1 at 1-2). It is not until a FP&F retrieves the mail, which typically occurs "once each business day," that the "mail is then stamped with the FP&F date stamp once it is received by the FP&F office." (DE 32-2 at 2). Here, the notice received by claimant identified the "FP&F Office" as the appropriate office for filing a claim which indicates that the claim must reach that office to be deemed filed.

Additionally, even if the court deemed arrival at the mailroom as the complaint "filed," the court would equitably toll the deadline by one day and consider the government's complaint timely filed. As stated by the statute, "a court . . . <u>may</u> extend the period for filing a complaint for good cause shown or upon agreement of the parties." 18 U.S.C. § 983(a)(3)(A) (emphasis added). "The word 'may,' when used in a statute, usually implies some degree of discretion." <u>United States v. Rodgers</u>, 461 U.S. 677, 706 (1983); <u>see also</u> <u>Sheppard v. Riverview Nursing Ctr., Inc.</u>, 88 F.3d 1332, 1341 (4th Cir.1996) ("[W]e usually assume that Congress's use of 'may' instead of 'shall' indicates that the court has discretion to act."). This is especially the case where, as here, "the same [statute] uses both 'may' and 'shall.'" <u>Anderson v. Yungkau</u>, 329 U.S. 482, 485 (1947) (citation omitted).

Here, the government acted in good faith reliance on the date-stamp provided by the agency as accurately reflecting the date the claim was received by "the appropriate official." No other date was supplied by CPB in its claim referral package to the U.S. Attorney, and the government filed its forfeiture complaint within 90 days of that date. See <u>$34,796.49</u>, 2015 WL 1643582, at *5-6

8

(equitably tolling deadline for filing complaint where attorney in good faith relied on time-stamped date provided, distinguishing such an instance from "garden variety claim of excusable neglect," where "Complaint slipped its lawyer's mind, or that there was a calendaring mistake, or that counsel miscounted to 90").

Additionally, there is no clear precedent in this circuit or district rejecting the position that the stamped date is the operative date. See $229,850.00, 50 F. Supp. 3d at 1184 (holding equitable tolling appropriate where "there is a lack of clear, consistent, and binding authority as to when the 90–day period to file a complaint commences").

Finally, there is no indication that the government has not acted with diligence in prosecuting this action, and the balancing of harms also weighs in favor of equitable tolling. Prejudice to claimant of a one-day delay in the filing of the complaint is limited. In contrast,"dismissal of the Government's complaint would have a draconian effect on the Government's case," forcing "the Government to release the [currency allegedly obtained through criminal activity] and bar it from any further action to effect the civil forfeiture of that property." $39,480.00, 190 F. Supp. 2d at 933.[4]

The Fourth Circuit has " repeatedly expressed a strong preference that, as a general matter, . . . claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). The government has carried its burden to show good cause why the government's complaint should be deemed timely filed. Therefore, claimant's motion is denied.

---

[4] The court additionally notes that in the companion case to this one involving an equal amount of currency seized from claimant's brother at the same time and location, United States v. $40,000.00 in U.S. Currency, No. 5:17-CV-485-FL, the court denied the government's motion for entry of default and allowed claimant's counsel to file a late claim after missing a procedural deadline.

**CONCLUSION**

Based on the foregoing, the court DENIES claimant's motion for summary judgment (DE 20). The court LIFTS stay, and the parties are DIRECTED to submit the parties' joint report and plan not later than February 21, 2019.

SO ORDERED, this the 8th day of February, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge